## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID HEED,** | : | **CIVIL ACTION** |
| **derivatively and on behalf of** | : | |
| **UNIVERSAL HEALTH** | : | |
| **SERVICES, INC.,** | : | |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 17-1476** |
| | : | |
| **ALAN B. MILLER, et al.,** | : | |
| **Defendants** | : | |

## M E M O R A N D U M

**STENGEL, J.**                                                          **December 20, 2017**

Plaintiff David Heed filed a verified shareholder derivative complaint in the Court

of Common Pleas of Philadelphia County against various defendants for breach of

fiduciary duties, unjust enrichment, waste of corporate assets, abuse of control, and gross

mismanagement.  The defendants removed the case to this court based on the court's

original jurisdiction under the provisions of 28 U.S.C. § 1332, and the removal provisions

of 28 U.S.C. § 1441.

Mr. Heed now moves for the remand of this action to Philadelphia County based

on the "Forum Defendant Rule" which precludes removal based on diversity of

citizenship where a defendant is a citizen of the forum state in which the case was

originally filed.  The defendants have responded.  For the following reasons, I will deny

the motion.

Nominal Defendant Universal Health Services is a Delaware corporation

headquartered in Pennsylvania which owns and operates hospitals and other medical

facilities across the United States and in the United Kingdom. Among them are more than 230 behavioral health facilities, through which Universal Health and its affiliates provide psychiatric and behavioral health care to more than 460,000 individuals per year. The individual defendants are Universal Health's directors and senior officers, and they are citizens of Minnesota, New York, New Jersey, and Pennsylvania. Mr. Heed is a resident of Oyster Bay, New York.

On March 24, 2017, Mr. Heed filed this action in the Court of Common Pleas of Philadelphia County. On March 31, 2017, the defendants removed it to this court based on the court's diversity jurisdiction. Less than a month later, Mr. Heed moved to remand arguing that the "forum defendant rule" of 28 U.S.C. § 1441(b)(2) bars the defendants' removal of this case. I note that at the time of removal, the plaintiff had not served the complaint on any of the defendants.

This court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Under the removal statute,

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added). This restriction on removal is known as the Forum Defendant Rule and provides that "removal is improper if the defendant is a

citizen of the state in which the suit is originally filed." <u>Allen v. GlaxoSmithKline PLC</u>, 2008 U.S. Dist. LEXIS 42491, at *4 (E.D. Pa. May 20, 2008) (citing <u>Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp.</u>, 66 F.3d 46, 48 (3d Cir. 1995)).

Mr. Heed argues that this court does not have jurisdiction because some of the defendants are citizens of Pennsylvania, where this court sits. Thus, he argues, this court must remand. I disagree.

Under the plain language of the removal statute, removal is barred only if a defendant is a forum defendant and has been "properly joined and served." 28 U.S.C. § 1441(b). In <u>Copely v. Wyeth, Inc.</u>, 2009 U.S. Dist. LEXIS 33703, at *3-8 (E.D. Pa. April 22, 2009), the plaintiff originally filed suit in state court against a non-forum defendant and a forum defendant. The non-forum defendant removed the case to the Eastern District of Pennsylvania. At the time of removal, the plaintiff had not yet served the forum defendant. The plaintiff served the forum defendant two weeks after the case was removed to federal courts. The plaintiff filed a motion to remand, arguing that jurisdiction was not appropriate because one of the defendants was a forum defendant. The motion was denied because the forum defendant had not yet been properly served at the time of removal. <u>Id.</u>

The justification for removal is appropriate in this case. Under the plain language of 28 U.S.C. § 1441(b), removal is inappropriate only where one of the "properly joined and served" defendants is a citizen of the forum state. Mr. Heed had not yet served the defendants before the defendants removed this action to federal court.

**III. CONCLUSION**

The defendants properly removed this action in accordance with § 1441(b) because they were not properly served prior to removal.  In a diversity action, the Forum Defendant Rule prohibits removal only where one of the defendants is a citizen of the state where the action is brought and has been properly joined and served.  Accordingly, I will deny the plaintiff's motion to remand.

An appropriate Order follows.